GILLESPIE, Presiding Justice.
The complainants filed an original bill in chancery seeking a decree enjoining the defendants from using a roadway across and through the lands of complainants, enjoining the defendants from destroying cattle gaps across the roadway, enjoining defendants from trespassing on complainants’ land, and cancelling all claims of defendants in respect to the road. The specific issues before the chancellor were whether the roadway in question was a public or private road, and whether it had been used by the defendants and their predecessors in title by permission. After hearing more than thirty witnesses, the chancellor decided that the roadway was a private one, and that its use by the defendants and their predecessors in title had been by permission. The complainants were granted the relief prayed for, and the defendants appealed to this Court.
The principal argument of appellants-is that the uncontradicted testimony established that the roadway in question was a public road on and prior to 1923 and had been open to the public from time immemorial.
The proof on behalf of the complainants, one of whom has owned the land' since 1923, was that the roadway in question had never been worked by the public authorities except by request or permission of complainants, and that cattle gaps had been maintained at each end of the roadway since before 1923, and that all use made by the defendants and their predecessors in title had been by permission of the complainants. Complainants also offered testimony that the owners-of the land who sold it to one of the complainants in 1923 stated at that time that the predecessors in title of the defendant had been using the roadway by permission, and requested complainants to permit them continued permissive use of the roadway.
Complainants offered also testimony which showed that the location of the roadway had been changed twice in the last forty years.
The testimony of the defendants was to the effect that the roadway had been used by the general public since about 1910. A large number of the witnesses offered by defendants testified that the public use of the road had continued until a few years before this dispute arose. We are of the opinion, however, that the chancellor was justified in rejecting the testimony of defendants’ witnesses that the roadway in question was a public one.
To detail the evidence in this case or to discuss the cases cited by the parties in their briefs would serve no useful purpose. The issue was essentially a factual one, and after a careful consideration of the record we are of the opinion that this Court is unable to say that the
*409 ■chancellor was manifestly wrong or that lie made any reversible error in applying the law.
Defendants were charged with •contempt in violating a temporary injunction issued by the chancellor, and it is -urged that we should reverse this finding. However, the record amply supports the chancellor’s finding in this regard.
We are of the opinion therefore that this case should be, and it is, in all respects affirmed.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.